EIMER & AMEND v. UNITED STATES.

(Circuit Court, S. D. New York. January 27, 1906.)

No. 3,937.

CUSTOMS DUTIES—TREASURY REGULATIONS—SCIENTIFIC APPARATUS.

　　Certain scientific apparatus, etc., imported for educational institutions, was claimed to be subject to paragraph 638, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 200 [U. S. Comp. St. 1901, p. 1686], exempting such articles from duty when imported in compliance with regulations of the Secretary of the Treasury; but the importers had not filed a certificate of delivery to the institutions within 90 days after entry, as required by such regulations. *Held*, that that requirement is a reasonable one, and that the collector, in default of a compliance therewith, properly exacted duty on the apparatus.

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question relate to importations by Eimer & Amend at the port of New York, consisting of importations of scientific apparatus, etc., which the importers contended was subject to paragraph 638, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 200 (U. S. Comp. St. 1901 p. 1686), admitting such apparatus free of duty when imported for educational institutions, on compliance with regulations prescribed by the Secretary of the Treasury. The Board of General Appraisers affirmed the action of the collector in denying free entry, on the ground that the following regulations were not complied with: Within 90 days after the date of the entry, and before liquidation thereof free of duty, there shall be filed with the collector a certificate, signed by an authorized officer of the society or institution, that the articles named in the order for "special importation" have been delivered to said society or institution, and are to be retained as its permanent property, and that said articles were not delivered out of the stock on hand of any dealer or agent. * * * On the filing of the above certificate, and not before, the collector may order the liquidation of the entry free of duty. In case of failure to file the said certificate, the entry will be liquidated for duty, and the duty will be collected.

Walden & Webster (Howard T. Walden, of counsel), for the importers.

Henry A. Wise, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise, consisting of philosophical and scientific apparatus, utensils, instruments and preparations, was entered free of duty by the importers, but the appraisers returned the same as "manufactures of glass and metal, glass chief value, 45 per cent.," "mf. of metal, 45 per cent.," and as "blown glassware, 60 per cent." The said apparatus, described on the invoices Nos. 2,183, 2,188, and 2,189, were imported for the use of the University of Wisconsin and the Worcester Polytechnic Institute. The oaths of an authorized executive officer of each institution and of the importers, as required by the treasury regulations, were duly and seasonably filed. But the importers failed to conform with the treasury regulations (T. D. 24,616, art. 9), which require the filing of a certificate by an officer mentioned in the regulation within 90 days after entry, and before liquidation thereof free of duty, stating that the importation has been delivered to such institution, "and are to be retained as its permanent property, and that said articles were not delivered out of the stock on hand of any dealer or agent." Certificates conforming to the requirement, instead of being delivered to the collector, were delivered to the Board of General Appraisers at the hearing, more than a year after the liquidation. On account of the importer's failure to comply with the treasury regulation, the collector charged a duty upon the articles at 45 per cent. ad valorem, under paragraphs 112 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]), and 193 (section 1, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]), and 60 per cent. ad valorem under paragraph 100 (section 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633]), and 25 per cent. ad valorem under paragraph 3 of the act of July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1627]. The board held that compliance with such regulations as the Secretary of the Treasury had prescribed for the administration of paragraph 638 was a condition precedent to the right of free entry. From that determination the importers have appealed to this court. Their position is that the regulations mentioned are simply for the guidance of the collector; that they are not binding on the court, and, the protest being meritorious, the rule of liberal construction should prevail. That the regulations were inconsistent with law or unreasonable is not claimed. In Eimer v. United States (C. C.) 87 Fed. 202, Judge Townsend held that a regulation prescribed by the Secretary of the Treasury under the tariff act of 1894, which required the filing of an affidavit before the arrival of the articles, was reasonable, and failure to conform to such treasury rule justified the collector in requiring payment of the prescribed duty. The case of Hensel v. United States (C. C.) 72 Fed. 52, cited by the importers, is not analogous to the situation presented here. There no particular time was prescribed for filing the certificate. Upon the authority of the Eimer Case, the action of the Board of General Appraisers is affirmed.